# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JACK NEWBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:14-cv-00024 |
| V. | ) |
| | ) Judge Sharp |
| SHERIFF W.B. MELTON, et al., | ) Magistrate Judge Frensley |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Jack Newberry filed this 42 U.S.C. § 1983 action against Defendants W.B. Melton, Shannon Harvey, Rodney Phillips, Debbie Deck, and Ashley Deck alleging, *inter alia*, that Defendants violated his constitutional rights by failing to provide him with medical treatment while he was incarcerated in the Overton County Jail. (Docket No. 26). Defendants Debbie Deck and Ashley Deck ("Deck Defendants"), who worked as nurses for Overton County Jail during the relevant time period, then filed a Motion for Summary Judgment. (Docket No. 44).

In addition to filing a supporting brief and a statement of undisputed material facts, (Docket No. 45), the Deck Defendants filed numerous declarations, depositions, and exhibits, (Docket Nos. 44-1, 44-2, 44-3, 44-4, 74-1, 74-2). Subsequently, Plaintiff Newberry filed a Response in Opposition, (Docket No. 65), supported by, *inter alia*, an accompanying Memorandum of Law, (Docket No. 66), and declarations, depositions, and exhibits, (Docket No. 66-1). The Deck Defendants then replied. (Docket No. 76).

1

Magistrate Judge Frensley has issued a Report and Recommendation ("R & R") (Docket No. 82), in which he recommends that the Deck Defendants' Motion for Summary Judgment be denied. Specifically, after carefully laying out the facts and applicable law, Magistrate Judge Frensley applied the law to the facts as follows:

> As an initial matter, the Deck Defendants are correct in their assertion that a prisoner has a right to adequate medical care, but not necessarily the type or scope of medical care that he wants. See, e.g., Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir. 2011). In the instant action, however, that assertion is misplaced, because Plaintiff has made clear that his "contention is not that he should have received better care or different care, only that he should have received *some* care during the times he experienced seizures and the nurses failed to do anything in response to the seizures." Docket No. 66 (emphasis original). The distinction between claims of no treatment and claims of inadequate treatment is a fundamental one (see, e.g., Westlake v. Lucas, 537 F.2d 857, 860, n. 5 (6th Cir. 1976)), and one that is central to the case at bar.
> A review of the Declarations and Depositions submitted by the Deck Defendants and by Plaintiff establishes that genuine issues of material fact exist with regard to, *inter alia*, whether the Deck Defendants responded every time they were summoned for Plaintiff's seizures and/or resulting injuries, and whether the Deck Defendants treated each of Plaintiff's seizures and/or resulting injuries. In light of these genuine issues of material fact, summary judgment is inappropriate.

(Docket No. 82 at 9-10).

After Magistrate Judge Frensley issued his R & R, the Deck Defendants filed objections, (Docket No. 84), pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, and Plaintiff Newberry filed a Response in Opposition to those objections, (Docket No. 86). In their objections, after first noting that Magistrate Judge Frensley seemed to rely primarily on the depositions of three inmates in recommending their motion be denied, the Deck Defendants contend that the "inmates' deposition testimony does not create a genuine dispute of material fact about whether the Deck defendants responded to *known* occurrences of seizures." (Docket No. 84 at 1-2) (emphasis in original). Plaintiff Newberry counters by providing two examples from the record to buttress Magistrate Judge Frensley's reasoning and argue that the Court should

adopt the R & R denying the Deck Defendants' Motion for Summary Judgment. (Docket No. 86 at 2).

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, among a district judge's options for resolving objections is "return[ing] the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Having undertaken a review of this matter in accordance with Rule 72, the Court exercises its discretion to return this matter to the magistrate judge. It is unclear to the Court upon whose declarations and depositions, and upon what specifically in those declarations and depositions, Magistrate Judge Frensley relied when determining that there exist genuine issues of material fact as to each of the Deck Defendants. Therefore, the Court requests Magistrate Judge Frensley to clarify and reissue an R & R.

Accordingly, the R & R (Docket No. 82) is hereby DENIED to allow Magistrate Judge Frensley to issue a new one.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE