IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACK NEWBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-00024 |
| | ) **Judge Sharp** |
| W.B. MELTON, SHANNON HARVEY, | ) |
| DEBBIE DECK, ASHLEY DECK, | ) |
| RODNEY PHILLIPS, and OVERTON | ) |
| COUNTY. | ) |
| | ) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, (Docket No. 83), recommending that the Motion for Summary Judgment filed by Defendants W.B. Melton ("Melton"), Shannon Harvey ("Harvey"), and Rodney Phillips ("Phillips") be denied in part and granted in part. Specifically, the Magistrate Judge recommends that their Motion for Summary Judgment be granted as to the claims against them in their official capacities, but denied as to the claims against them in their individual capacities. (Docket No. 83 at 26-27). Melton, Harvey, and Phillips filed objections to the R & R. (Docket No. 85). Plaintiff Jack Newberry ("Newberry") filed a Response to the Objections. (Docket No. 87). Having undertaken *de novo* review of the matter in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds that the R & R is correct and properly applies the governing law.

1

## BACKGROUND

Newberry is incarcerated in Overton County Jail and suffers from epilepsy. In his complaint, Newberry alleges violations of his constitutional rights in connection with the treatment—or lack of treatment—of his epilepsy. This Motion for Summary Judgment was filed by three of the defendants: Melton, former Sheriff of Overton County; Harvey, an employee of the Overton County Sheriff's Department; and Phillips, another employee of the Overton County Sheriff's Department. Generally, Newberry alleges that these three defendants:

> were deliberately indifferent to his serious medical needs by, *inter alia*, (1) not providing him with his anti-seizure medication for the first month of his incarceration; (2) not providing him with his oral potassium supplement pills; (3) not providing any assistance or stabilization for him during his seizures; (4) not providing first aid or other medical attention to Plaintiff's gashes, scrapes, bruising, black eyes, concussion, strained ligaments, and other injuries incurred during his seizures; and (5) not sending Plaintiff for examination by a physician who could ascertain why his seizures were increasing in frequency, intensity, and duration, in violation of his Fourth, Eighth, and Fourteenth Amendment rights.

(Docket No. 83 at 2) (citing Docket No. 26).

Newberry claims these allegations amount to violations of his Fourth and Eighth Amendment rights by way of the Fourteenth Amendment. (Docket No. 26).

## LEGAL STANDARD

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the court must construe the evidence in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The movant therefore has the burden of establishing that there is no

genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1388–89 (6th Cir. 1993). But the non-moving party "may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2). See Celotex, 477 U.S. at 324; Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994). The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." Moore v. Philip Morris Co., 8 F.3d 335, 339–40 (6th Cir. 1993).

## ANALYSIS

### I. Initial Matters

#### A. Fourth Amendment Claims

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Although Newberry claims violations of his Fourth Amendment right "against unreasonable seizure," the Court cannot discern from Newberry's Complaint where the unreasonable seizure allegedly exists. (Docket No. 26 at 9). Newberry also does not discuss his Fourth Amendment claims in his Opposition to Defendants' Motion for Summary Judgment. (Docket No. 61). Furthermore, "[t]he Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen, while the Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences." Aldini v. Johnson, 609 F.3d 858, 864 (6th Cir. 2010) (internal quotations and citations omitted). Because (1) Newberry has not met his initial pleading requirements to sufficiently allege violations of his Fourth Amendment rights and (2) the Eighth Amendment is the more appropriate amendment

3

under which to analyze Newberry's deliberate indifference claims that occurred while he was incarcerated, the Court will dismiss Newberry's Fourth Amendment claims.

### B. Claims Against Melton, Harvey, and Phillips in Official Capacities

"A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 68 (1989). "Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[,]" and "the real party in interest in an official-capacity suit is the governmental entity and not the named official . . . ." Hafer v. Melo, 502 U.S. 21, 25 (1991) (internal quotations and citations omitted). Here, the real party in interest for Plaintiff's § 1983 claims is Overton County, a named defendant in this action. For that reason, this Court will adopt the Magistrate Judge's recommendation that claims against Melton, Harvey, and Phillips in their official capacities be dismissed. (Docket No. 83 at 22). See Nance v. Wayne Cty., 264 F.R.D. 331, 334 n.1 (M.D. Tenn. 2009) (dismissing official capacity claims against the sheriff and mayor because county was a named defendant); see also Willis v. Neal, No. 1:04 CV 305, 2006 WL 270288, at *13 (E.D. Tenn. Feb. 1, 2006), order vacated on reconsideration, No. 1:04-CV-305, 2006 WL 1129388 (E.D. Tenn. Apr. 24, 2006), aff'd, 247 F. App'x 738 (6th Cir. 2007) ("Plaintiff has also sued each of [defendants] in their respective official capacities as members of the 12th Judicial District Drug Task Force (the "Task Force"). . . Therefore, plaintiff's claims against [defendants] in this capacity are, in essence, claims against the Task Force.").

4

Case 2:14-cv-00024   Document 89   Filed 04/04/17   Page 4 of 10 PageID #: 1392

## II. Eighth Amendment Claims

As the Magistrate Judge stated, the Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

> The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted). In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety.

(Docket No. 83 at 16).

Deliberate indifference to a prisoner's medical needs constitutes a violation of the prisoner's Eighth Amendment right to be free of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. 104. Newberry must meet a two part test to establish a violation of this right: (1) Newberry must show that his medical needs were sufficiently serious; and (2) that the prisoner officials were deliberately indifferent to them. Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The Overton County Sheriff Department Correction Division Standard Operation Procedures define "Medical Emergency" as:

> Any health/life threatening conditions, such as severe bleeding, unconsciousness, serious breathing difficulties, head injuries, severe pain, suicide attempt, severe withdrawal systems, the onset of bizarre or acute psychotic behavior, convulsive or post convulsive state, shock, left anterior chest pain, *seizures*, compliant [sic] of high fever (101 degrees or higher), especially at night, or severe burns.

(Docket No. 79-1 at 73) (emphasis added). The Court finds that it would not be unreasonable for a jury to decide that epilepsy and the associated seizures constitute an objectively serious

medical condition. Consequently, the issue going forward is whether the Defendants' actions were deliberately indifferent to this serious medical condition.

Because there are three defendants at issue in this pending summary judgment and different allegations relate to each defendant, the Court will discuss the allegations with respect to each defendant in turn.

### A. W.B. Melton

W.B. Melton was the Sheriff of Overton County. Newberry alleges that he "attempted to contact Sheriff W.B. Melton about the recurring seizures by filling out an Overton County grievance complaint form. However, Mr. Newberry received no response from defendant Melton." (Docket No. 26 at 5). Further, Newberry alleges that his "family contacted defendant Melton about the constant seizures. However, they were told that defendant Melton would not talk to them because he could not discuss inmate health concerns with 'outside individuals.'" (Id. at 6). Based on these allegations, the Magistrate Judge found a genuine issue as to material fact concerning Melton's actions and the existence of deliberate indifference. Specifically, the Magistrate Judge found genuine issues of material fact surrounding "what Defendant Melton knew of Plaintiff's resulting injuries, what actions Defendant Melton could have or should have taken, what the scope of Defendant Melton's duties entailed, and whether Defendant Melton facilitated, assisted, delayed or denied Plaintiff medical treatment in light of the Jail General Order explicitly defining seizures as a medical emergency." (Docket No. 83 at 24).

Defendants argue that none of these issues create issues of material fact and that Newbery has "put forth not one scintilla of evidence to create questions of fact on these issues or to establish that Melton knew *anything* pertaining to the plaintiff's seizures or injuries." (Docket No. 85 at 6). However, this statement ignores the fact that Newberry's family called the jail,

spoke to Melton, and attempted to discuss the seizures. Melton was therefore on notice that Newberry was at risk of seizures; accordingly, the Court accepts the Magistrate Judge's findings that a genuine issue of material fact exists as to the scope of Melton's knowledge and whether his actions (or inactions) constituted deliberate indifference. The Court will accept and approve the Magistrate Judge's findings in regard to Newberry's Eighth Amendment claim against Melton in his individual capacity.

### B. Harvey

Newberry alleges that Harvey violated his constitutional rights by refusing "to provide assistance to the plaintiff for serious injuries that were obvious, that is, frequent and intense grand mal epileptic seizures, and, the ensuing aftermath – black eyes, a concussion, gashes, cuts, abrasions, and strained arms and ligaments." (Docket No. 26 at 11). Newberry also alleges that Harvey "failed to ensure that Mr. Newberry receive[d] any medical treatment whatsoever." (Id.). The Magistrate Judge stated in the R & R that genuine issues of material fact exist regarding "whether Defendant Harvey facilitated, assisted, delayed, or denied Plaintiff medical treatment in light of the Jail's General Orders explicitly defining seizures as a medical emergency[.]" (Docket No. 83 at 25).

Defendants object to the Magistrate Judge's recommendation denying summary judgment as to Newberry's claims against Harvey. Defendants argue that Newberry's grievances were not enough to put Harvey on notice that her actions may constitute deliberate indifference. (Docket No. 85 at 12-13). However, as the Magistrate Judge stated, genuine issues remain as to Harvey's knowledge, actions, and required duties, given that Newberry complained to her about his seizures on at least two occasions and Harvey was on notice about Newberry's concerns. (Docket No. 85 at 12-13; Docket No. 50-3 at 5). Harvey has failed to establish that it

7

would be unreasonable for a jury to find for Newberry in regards to the alleged deliberate indifference exhibited by Harvey. The Court will accept the Magistrate Judge's recommendation to deny summary judgment regarding Newberry's claims against Harvey in her individual capacity.

### C. Phillips

Newberry alleges that Phillips violated his constitutional rights by refusing "to provide assistance to the plaintiff for serious injuries that were obvious, that is, frequent and grand mal epileptic seizures" and by refusing to allow Newberry "to see a physician who could ascertain why Mr. Newberry experienced seizures in such a large number and with such intensity and duration." (Docket No. 26 at 13). Specifically, Newberry alleges that Phillips dragged him down the hallway on a mattress while he was experiencing a seizure. (Docket No. 26 at 5).

Defendants admit that this mattress incident occurred, but argue that it occurred *after* Newberry had already fallen during a seizure and hit his head. (Docket No. 85 at 3). Further, Defendants argue that Phillips "ordered that Mr. Newberry be placed under observation every 10-15 minutes" as a result of the seizure and that this establishes that Phillips was not deliberately indifferent. (Id.). However, having conducted a *de novo* review, the Court agrees with the Magistrate Judge that genuine issues remain regarding this admitted action of dragging an inmate through the jail on a mattress. (Docket No. 83 at 26; Docket No. 74-2; Docket No. 80-8).

### III. Qualified Immunity

Defendants also argue in their Motion for Summary Judgment that Phillips, Harvey, and Melton are entitled to qualified immunity. (Docket No. 48 at 35).

> Qualified immunity involves a two-step inquiry. First, the court must determine whether, based upon the applicable law, the facts viewed in the light most

8

would be unreasonable for a jury to find for Newberry in regards to the alleged deliberate indifference exhibited by Harvey. The Court will accept the Magistrate Judge's recommendation to deny summary judgment regarding Newberry's claims against Harvey in her individual capacity.

### C. Phillips

Newberry alleges that Phillips violated his constitutional rights by refusing "to provide assistance to the plaintiff for serious injuries that were obvious, that is, frequent and grand mal epileptic seizures" and by refusing to allow Newberry "to see a physician who could ascertain why Mr. Newberry experienced seizures in such a large number and with such intensity and duration." (Docket No. 26 at 13). Specifically, Newberry alleges that Phillips dragged him down the hallway on a mattress while he was experiencing a seizure. (Docket No. 26 at 5).

Defendants admit that this mattress incident occurred, but argue that it occurred *after* Newberry had already fallen during a seizure and hit his head. (Docket No. 85 at 3). Further, Defendants argue that Phillips "ordered that Mr. Newberry be placed under observation every 10-15 minutes" as a result of the seizure and that this establishes that Phillips was not deliberately indifferent. (Id.). However, having conducted a *de novo* review, the Court agrees with the Magistrate Judge that genuine issues remain regarding this admitted action of dragging an inmate through the jail on a mattress. (Docket No. 83 at 26; Docket No. 74-2; Docket No. 80-8).

### III. Qualified Immunity

Defendants also argue in their Motion for Summary Judgment that Phillips, Harvey, and Melton are entitled to qualified immunity. (Docket No. 48 at 35).

> Qualified immunity involves a two-step inquiry. First, the court must determine whether, based upon the applicable law, the facts viewed in the light most

> favorable to the plaintiffs show that a constitutional violation has occurred. If the court finds a constitutional violation, it must then consider whether the violation involved "'clearly established constitutional rights of which a reasonable person would have known.'" Dickerson v. McClellan, 101 F.3d 1151, 1158 (6th Cir. 1996) (quoting Christophel v. Kukulinsky, 61 F.3d 479, 484 (6th Cir. 1995)); see also Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). For a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Russo v. City of Cincinnati, 953 F.2d 1036, 1042 (6th Cir. 1992) (quoting Anderson v. Creighton, 483 U.S. 635, 639, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987)). "Although it need not be the case that 'the very action in question has been previously held unlawful, . . . in light of pre-existing law, the unlawfulness must be apparent.'" Id. (quoting Anderson, 483 U.S. at 640). Whether qualified immunity is applicable to an official's actions is a question of law that is reviewed de novo. See Dickerson, 101 F.3d at 1157.

Ewolski v. City of Brunswick, 287 F.3d 492, 501 (6th Cir. Ohio 2002).

Having conducted a *de novo* review, the Court agrees with the Magistrate Judge that the Defendants have failed to establish there is no genuine issue of material fact that they are entitled to qualified immunity. Given that there are still outstanding issues concerning the Defendants' actions, job duties, and knowledge regarding Newberry's epilepsy, the Court declines to grant Defendants summary judgment on the issue of qualified immunity at this time.

## IV. Failure to Exhaust Administrative Remedies

Defendants argue Newberry has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997. (Docket No. 48 at 36). "[T]he PLRA exhaustion of prison administrative remedies requires a prisoner to pursue his prison grievance through the final level of administrative appeal." (Docket No. 83 at 19). The Court agrees with the Magistrate Judge that summary judgment cannot be granted to Defendants on this issue, as material issues still remain concerning "whether the Jail's grievance forms were PLRA compliant on their face, whether the Jail had a formal written grievance policy, what

9

constituted exhaustion under the Jail's grievance policy, and whether Plaintiff was made aware of the necessary steps for exhaustion." (Docket No. 83 at 21).

## CONCLUSION

Having conducted a *de novo* review in accordance with Rule 72, the Court will accept the disposition set forth in the R & R. Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 83) is hereby ACCEPTED and APPROVED;

(2) Defendants' Motion for Summary Judgment as to Defendants Phillips, Harvey, and Melton in their official capacities is GRANTED;

(3) Defendant's Motion for Summary Judgment as to Defendants Phillips, Harvey, and Melton in their individual capacities is DENIED; and

(4) Plaintiff's Fourth Amendment Claims are DISMISSED.

It is SO ORDERED.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE