**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**COOKEVILLE DIVISION**

| | | |
|---|---|---|
| **JACK NEWBERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:14-cv-00024** |
| | ) | **Judge Crenshaw / Frensley** |
| **v.** | ) | |
| | ) | |
| **SHERIFF W.B. MELTON, et al.,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

**I.  Introduction and Background**

On January 31, 2017, the undersigned submitted a Report and Recommendation

recommending that the Motion for Summary Judgment filed by Defendants Debbie Deck and

Ashley Deck (Docket No. 44) be denied due to the existence of genuine issues of material fact

regarding whether these Defendants provided medical care to Plaintiff on all known instances of

his having seizures.  Docket No. 82.  Defendants filed objections to that Report and

Recommendation, arguing that the inmates' deposition testimony, upon which they contend the

undersigned relied when recommending that their Motion be denied, did not create a genuine

issue of material fact about whether they responded to all known occurrences of seizures.  Docket

No. 84.  Plaintiff filed a Response in Opposition to Defendants' objections, arguing that the

undersigned correctly found that genuine issues of material fact exist that preclude summary

judgment, and Plaintiff provided examples of such disputed facts.  Docket No. 86.  On March 31,

2017, Judge Sharp returned the submitted Report and Recommendation to the undersigned for

clarification of what evidence the undersigned relied upon when determining that there exist

genuine issues of material fact that preclude summary judgment for each Defendant.[1]  Docket

No. 88.  This Report and Recommendation incorporates Judge Sharp's ordered clarification into

the undersigned's original Report and Recommendation.

In support of their Motion for Summary Judgment (Docket No. 44), Defendants have

filed the Declaration of Debbie Deck (Docket No. 44-1), Deposition of Debbie Deck (Docket No.

44-2), Deposition of Ashley Deck (Docket No. 44-3), Declaration of Janet Stephens (Docket No.

44-4), Plaintiff's Jail medical records (Docket No. 74-1), and excerpts from the Deposition of

Nicholas Franklin (Docket No. 74-2).

Plaintiff, who is represented by counsel, has filed a Response in Opposition to the Deck

Defendants' Motion for Summary Judgment (Docket No. 65) that is supported by a

Memorandum of Law (Docket No. 66), a Response to Defendants' Statement of Undisputed

Facts (Docket No. 67), Plaintiff's own Statement of Material Facts (Docket No. 69), the

Declaration of Jack Newberry ("Plaintiff's Dec.") (Docket No. 66-1, p. 138-39), and numerous

other exhibits, including excerpts from the Depositions of Debbie Deck (Docket No. 66-1, p. 15-

23), Ashley Deck (Docket No. 66-1, p. 24-30), W.B. Melton (Docket No. 66-1, p. 35-43),

Patricia Hensley (Docket No. 66-1, p. 44-50), Ethan Bean (Docket No. 66-1, p. 51-57), Nicholas

Franklin (Docket No. 66-1, p. 59-69), Travis Melton (Docket No. 66-1, p. 70-80), Thurman

Bolinger (Docket No. 66-1, p. 81-88), Justin Due (Docket No. 66-1, p. 89-94), Donnie Allred

(Docket No. 66-1, p. 95-103), Lisa Copeland (Docket No. 66-1, p. 104-09), Christy Beed

(Docket No. 66-1, p. 110-15), and Jack Newberry (Docket No. 66-1, p. 127-35).

Defendants have filed a Reply (Docket No. 76) and a Response to Plaintiff's Statement of

---

[1] Judge Sharp has since retired and this case as been re-assigned to Judge Crenshaw.

Material Facts (Docket No. 75).

Plaintiff, who is epileptic, filed his Amended Complaint in this action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs by, *inter alia,* (1) not providing him with his anti-seizure medication for the first month of his incarceration; (2) not providing him with his oral potassium supplement pills; (3) not providing any assistance or stabilization for him during his seizures; (4) not providing first aid or other medical attention to Plaintiff's gashes, scrapes, bruising, black eyes, concussion, strained ligaments, and other injuries incurred during his seizures; and (5) and not sending Plaintiff for examination by a physician who could ascertain why his seizures were increasing in frequency, intensity, and duration, in violation of his Fourth, Eighth, and Fourteenth Amendment rights. Docket No. 26. Plaintiff contends that his seizures continued until he transitioned to the Bledsoe County Correctional Facility, where he was immediately permitted to see a physician who changed his medication. *Id.* Plaintiff seeks, *inter alia*, compensatory and punitive damages in an amount to be determined at trial, reasonable attorney's fees, costs, and other further relief as the Court deems just and proper. *Id.*

Defendants filed their Motion for Summary Judgment and supporting materials arguing that the undisputed evidence shows that "they provided extensive and ongoing care" to Plaintiff, "under a doctor's supervision and in accordance with the doctor's orders." Docket No. 45. Specifically, Defendants maintain that they, as "licensed practical nurses, administered anti-seizure medications as ordered by the doctor, obtained blood samples for testing, monitored [Plaintiff's] condition, and provided basic nursing care." *Id.* They further argue that a prisoner has a right to medical care, but not necessarily the type or scope of medical care that he wants,

and therefore that Plaintiff's "disagreement over the adequacy of the care is not a valid basis for a deliberate indifference claim." *Id.* They add that Plaintiff's contention that they should have provided him more or better care was a contention to be made in a state law medical malpractice claim, not a deliberate indifference claim. *Id.* Defendants also argue that it is "significant that they acted under the direction of a medical doctor who served as Medical Director at the jail," because "a person who knows that a prisoner is under the care of a professional with superior medical training is generally entitled to defer to that treatment," such that nurses are generally "broadly shielded from liability for deliberate indifference where the nurse deferred to a doctor's course of treatment." *Id.*

Plaintiff responds that he is an epileptic under a physician's care. Docket No. 66. He contends that Defendants knew that he had this serious medical condition and were under an obligation to offer him medical care. *Id.* Plaintiff argues that, although Defendants cite to the parts of the record where they responded to one of Plaintiff's seizures, three of Plaintiff's former cellmates testified that Defendants either did not come to the aid of Plaintiff during many of his seizure episodes or did not treat Plaintiff for many of his seizure episodes. *Id., citing* Franklin Dep., p. 8; Melton Dep., p. 9; Bollinger Dep., p. 8. Plaintiff argues that Defendants cannot rely upon the fact that they were acting under the direction of a medical doctor or relying on that doctor's orders, because several witnesses testified that Defendants failed to respond when called. *Id.* Plaintiff maintains that nurses cannot be said to reasonably rely on a doctor's orders where they fail to attend to an inmate experiencing a medical emergency such as a seizure. *Id.* Plaintiff clarifies that his "contention is not that he should have received better care or different care, only that he should have received *some* care during the times he experienced seizures and

the nurses failed to do anything in response to the seizures." *Id.* (emphasis original).

Defendants, in their Reply, argue that the cellmates' testimony "does nothing" to satisfy

Plaintiff's burden of proof. Docket No. 76. They contend:

> [E]ven evidence indicating gross medical negligence cannot satisfy the subjective component of a deliberate indifference claim. In this case, the undisputed evidence shows that the plaintiff had the ability to see a doctor upon request, that he visited with a doctor several times during his incarceration, and that the doctor prescribed him medications, including anti-seizure medication. The undisputed evidence shows that Debbie Deck and Ashley Deck, as licensed practical nurses, followed the doctor's orders. They administered anti-seizure medications as ordered by the doctor, monitored [Plaintiff's] condition, and provided basic nursing care. As a matter of law, [Plaintiff's] disagreement with the quality of care they provided is not a valid basis for a deliberate indifference claim.

*Id.*

For the reasons set forth below, the undersigned finds that genuine issues of material fact

exist that preclude summary judgment; accordingly, the undersigned recommends that

Defendants' Motion for Summary Judgment (Docket No. 44) be DENIED.

## II. Law and Analysis

## A. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**B.  42 U.S.C. § 1983**

**1.  Generally**

Plaintiff alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket Nos. 1, 26. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance,

regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## 2. Eighth Amendment

### a. Generally

The Eighth Amendment provides that:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel

and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

**b. Deliberate Indifference To Serious Medical Needs**

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that

Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

**C.  The Case at Bar**

As an initial matter, Defendants are correct in their assertion that a prisoner has a right to adequate medical care, but not necessarily the type or scope of medical care that he wants.  *See*, *e.g.*, *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).  In the instant action, however, that assertion is misplaced, because Plaintiff has made clear that his "contention is not that he should have received better care or different care, only that he should have received *some* care during the times he experienced seizures and the nurses failed to do anything in response to the seizures."  Docket No. 66 (emphasis original).  The distinction between claims of no treatment and claims of inadequate treatment is a fundamental one (*see, e.g, Westlake v. Lucas*, 537 F.2d 857, 860, n. 5 (6th Cir. 1976)), and one that is central to the case at bar.

Also central to the case at bar is the issue of Defendants' knowledge of the intensity, duration, and frequency of Plaintiff's seizures and resulting injuries.  Defendants' argue that they responded each time they were made aware of Plaintiff's seizures and/or injuries, while Plaintiff contends that they did not.  *See* Docket Nos. 26, 44, 45, 65, 66, 67, 75, 76, 84, 86.  Plaintiff further contends that he, Correctional Officers, and fellow inmates informed Defendants, Jail administration, and the Warden of his seizure activity and resulting injury.  *See id.*  Because Plaintiff's contentions can be read to allege that others also made Defendants aware of the intensity, duration, and frequency of his seizures, and, at this stage in the litigation, the Court must view the evidence in the light most favorable to the nonmoving party (*Matsushita Electric Indus. Co.,* 475 U.S. at 587), the undersigned finds that these allegations further underscore the already existing genuine issues of material fact regarding the extent of Defendants' knowledge surrounding Plaintiff's seizures and whether they always responded thereto.

A review of the declarations, depositions, medical records, and other exhibits submitted by Plaintiff and by Defendants establishes that genuine issues of material fact exist with regard to, *inter alia*, whether Defendants knew of and followed the Overton County Sheriff's Department Correction Division Standard Operation Procedures "General Orders," which defines seizures as a de facto medical emergency necessitating action, whether Defendants responded every time they were made aware of Plaintiff's seizures and/or resulting injuries, and whether Defendants treated each of Plaintiff's known seizures and/or resulting injuries. *See, e.g.,* Docket Nos. 44-1 - 44-3; 66-1; 67; 74-1 - 74-2; 75. In light of these genuine issues of material fact, summary judgment is inappropriate.

### III. Conclusion

For the reasons discussed above, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 44) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge